No. 686

CHAMBERS et al v. SOUTHERN SURETY CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6352, 6735-36-42. Decided Jan. 18, 1926

755. MECHANIC'S LIEN—Mechanic lien laws are given liberal construction to give effect the purpose of their enactment.

167. BONDS, SURETY—Recovery of a claimant under an indemnity bond shall be controlled by conditions and provisions of the act as though they were incorporated in the bond form prescribed by statute.

LEVINE, P. J.

The Complete Construction Company entered into a contract with the Board of Education of West Park to erect a school building for $43,000( and a bond for 50% of the contract price was executed by it to the Board with the Southern Surety Co. as surety.

Frank Chambers and other plaintiffs herein furnished material to be used in the construction of said school building. The Construction Co. defaulted in its contract and the material men brought their actions against the Surety Co. in the Cleveland Municipal Court and Cuyahoga Common Pleas to recover the amounts owing to them, claiming that the Surety Co. was liable under its bond executed to the Board of Education.

The lower courts decided in favor of the Surety Co. Error was prosecuted from these judgments and the Surety Co. claimed that by the provisions of the bond it was to "indemnify and save harmless the Board of Education, from any pecuniary loss." The material men referred the Court to sections 2365-1-2-3-4 GC, claiming that the effect of these provisions is to incorporate the existing laws into the bond as written as though the provisions of the law were expressly set forth in the bond.

The Court of Appeals held:

1. Sec. 2365-1 GC. provides that the bond shall contais an additional obligation for payment of labor performed or material furnished; sec. 2365-4 GC. provides that the bond shall be in the form set forth and "recovery of any claimant thereto shall be subject to the conditions and provisions of this Act - - - - - as if such conditions were fully incorporated in the said bond form."

2. The material men claim that a privilege or right is extended to laborers and material men by this provision, for their protection. The Surety Co. claims that the phrase "subject to" does not denote a privilege; that it means a limitation so that claimants must comply with 2365-3 GC. as to necessity of furnishing the sureties on the bond, a statement of amounts due.

3. Mechanic lien laws must be liberally construed so as to carry into effect the object and purpose of their enactment.

4. By the necessary liberal construction of 2365-4 GC., the recovery of any claimant under the such bond shall be controlled or regulated by the conditions and provisions of the Act to the same extent as if such conditions and provisions were fully incorporated in the bond form.

5. "The law at the time of the execution of a bond is a part of it; if it gives to the bond a certain legal effect it is as much a part of the bond as if in terms incorporated therein."

6. Judgments of the Common Pleas and Municipal Courts were erroneous, and will be reversed and judgment entered in favor of the material men.

Judgment reversed.

Attorneys—Ralph W. Sanborn for Chambers, Howard F. Burns for Structural Iron Works Co., J. C. Lipkin for Branagan Roofing Co., Bulkley, Hauxhurst, Jamison & Sharp for Brodwell Lumber Co.; Baker, Hostetler & Sidlo for Surety Co.; all of Cleveland.